IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rodney R. Parker, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>Warden, Broad River Correctional )<br>Institution, )<br>)<br>Respondent. )<br>_____ ) | C/A No. 5:18-cv-1240-TLW |

## ORDER

Petitioner Rodney R. Parker, proceeding *pro se*, filed this petition pursuant to 28 U.S.C. § 2254. ECF Nos. 1, 12. This matter now comes before this Court for review of the Report and Recommendation (the Report) filed on July 20, 2018, by United States Magistrate Kaymani D. West, to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c), (D.S.C.). In the Report, the Magistrate Judge recommends summarily dismissing the petition. ECF No. 21. In response to the Report, Petitioner filed objections and a motion to dismiss. ECF Nos. 23, 25, 26. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the

recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report, the applicable law, the objections, and the relevant filings. As noted in the Report, Petitioner acknowledges that he has not exhausted the issues alleged in the instant petition by allowing the state court to fully review and resolve them. ECF No. 12 at 5–10. In addition, his objections, motion, and additional filings do not state that he has now exhausted his state court remedies, and they do not give this Court a basis upon which to reject the Magistrate Judge's conclusions. Further, Petitioner's motion pursuant to Rule 12 states no factual or legal basis to vacate his conviction.

Therefore, the Court accepts the Magistrate Judge's careful factual and legal analysis concluding that Petitioner has not exhausted his remedies because the

claims asserted were not presented to the state's highest court. ECF No. 21. Further, the Court adopts the Magistrate Judge's conclusion that amendment would not cure the deficiencies of the amended petition, and, therefore, this case should be dismissed. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971). However, the Court concludes that this case should be dismissed without prejudice to give the Petitioner an opportunity to file a habeas action as to any issues that he is able to exhaust in state court. Thus, after careful consideration, **IT IS ORDERED** that the Report, ECF No. 21, is **ACCEPTED**. For the aforementioned reasons, the Petitioner's Objections, ECF Nos. 23, 25, are **OVERRULED**, and Petitioner's motion to dismiss, ECF No. 26, is **DENIED**. The Amended Petition, ECF No. 12, is hereby **DISMISSED** without prejudice.

The Court has reviewed this Petition in accordance with Rule 11 of the Rules Governing Section 2254 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/Terry L. Wooten*
Senior United States District Judge

April 18, 2019
Columbia, South Carolina